## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GEORGE HOUSTON,** | § | |
| | § | |
| **V.** | § | **A-13-CV-097  LY** |
| | § | |
| **ERIC SENSEKI, et al.** | § | |

### ORDER ON IN FORMA PAUPERIS STATUS AND
### <u>REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS</u>

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Before the Court is Plaintiff's Motion For Leave to Proceed In Forma Pauperis (Doc. No. 1).  Because Plaintiff is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

### I.  REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Plaintiff's financial affidavit and determined he is indigent and should be granted leave to proceed in forma pauperis.  Accordingly, the Court hereby **GRANTS** Plaintiff's request for in forma pauperis status.  The Clerk of the Court shall file his complaint and first amended complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).  This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although he has been granted leave to

proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A.    Allegations of Complaint

Plaintiff George Houston ("Houston") has submitted a complaint and a first amended verified complaint.[1] In his initial complaint he names Eric Senseki, Secretary of Veteran's Administration ("VA"), James Amos, the Commandant of the Marine Corps, Rick Perry, the Governor of the State of Texas, and overseer of the Texas Veteran's Commission, and Dain Whitworth, who Houston alleges is a Texas Veteran's Commission counselor. In his first amended complaint, Houston also names the VA Medical Center located in Temple Texas, Tasha Wellington, a psychologist who treated him, and Daniel Finch, MD, who is Houston's primary care physician. He also brings state law medical malpractice claims.

According to Houston, he has been permanently and completely medically disabled beginning in 1966 when he was violently attacked by a Marine Corps drill instructor. (Compl. ¶ 4). He alleges that he suffers from chronic PTSD, traumatic brain injury, hypertension, hypervigilance,

---

[1] The Court considers both Complaints together as they have overlapping claims with the first amended complaint adding new claims.

heart disease, flashbacks, suicidal tendencies, homelessness, alcohol addiction, and chronic nervous tension.  (Compl. ¶ 1).

Generally, Houston complains about the medical treatment he has received since 1966.  In his Original Complaint, he asserts that each of the Defendants has exhibited "callous and deliberate indifference" to his serious medical needs and that he "continues being systematically shuffled around for 40 years without any acknowledgment or treatment."  (Compl. ¶ 2).  He asserts that "he has never been treated." (Compl. ¶ 2).  Based on these complaints, he asserts a claim that he has been treated with deliberate indifference in violation of the eighth amendment to the United States Constitution.  (Compl. ¶¶ 9-10). He also asserts a cause of action for negligent supervision based on refusal to treat, and failure to properly train or instruct subordinates.  (Compl. ¶ 11).  Houston also states that he brings his claims under Title II of the Americans with Disabilities Act, apparently in an effort to establish standing to bring his other claims.  (Compl. ¶ 7). In his first amended complaint, Houston reiterates his claims about substandard treatment, and adds the VA hospital, Wellington, and Finch.

## B.    Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);  *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic

or delusional scenarios." *Id.*, 490 U.S. at 327-28.  A complaint duplicating claims asserted in an earlier case may be deemed malicious and subject to summary dismissal.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

**C.      Discussion**

As an initial matter, the undersigned notes that Plaintiff has filed a similar, although not identical, cause of action in the past.  *See Houston v. Senseki et al*, Cause No. 1:12-cv-0015-LY (W.D. Tex. 2012) (dismissed as frivolous).  Houston's claim under the Eighth Amendment for failure to provide him medical care should be dismissed as frivolous.  The United States Supreme Court has held that the Eighth Amendment "was designed to protect those convicted of crimes," and the amendment does not apply outside of this context.  *Ingraham v. Wright*, 430 U.S. 651, 654 (1977);  *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987).  Houston does not assert he is a convicted individual, but that he is a Vietnam veteran.  Therefore he cannot bring Eighth Amendment claims and they are properly dismissed as frivolous.

With regard to any claim Houston is trying to assert pursuant to Title II of the ADA, these claims must also fail. Title II provides that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Where as here, a "plaintiff's core complaint [is] incompetent treatment for his underlying medical condition, [s]uch a complaint does not state a claim for relief under the ADA because '[t]he ADA does not create a remedy for medical malpractice.'"  *Brown v. Wilson*, 2012 WL 6719464 (N.D. Tex. 2012); *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir.2005) (noting that

"[s]everal circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence").[2]

Houston's negligence and negligent supervision claims also fail.  The Court may raise limitations sua sponte.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  Claims asserted in an in forma pauperis complaint which are, on their face, barred by the applicable statute of limitations, are properly dismissed as frivolous.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Plaintiff's claims based on his 1966 assault and 1968 traumatic brain injury and lack of treatment thereafter were clearly known to him many years ago.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (limitations period begins to run when plaintiff becomes aware he has suffered injury or has sufficient information to know he has been injured).  In Texas, a two-year statute of limitations applies to negligence and medical malpractice claims.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (two year limitations period for personal injury claims); *Geraghty & Miller, Inc. v. Conoco Inc.*, 234 F.3d 917, 931 (5th Cir. 2000) (two year limitations period for negligence claims in Texas).  Plaintiff filed his pleadings with this court on February 6, 2013, long after he knew of his claims.

---

[2]See also, *Moore v. Prison Health Services, Inc.*, 24 F.Supp.2d 1164, 1168 (D. Kan. 1998); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) ("The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving the termination of . . . medical treatment."); *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 121, 123 (7th Cir. 1997) (affirming district court's dismissal under Fed.R.Civ.P. 12(b) (6) of section 504 claim because "section 504 [which is 'materially identical to the ADA'] does not provide a federal malpractice tort remedy" and allegations of discriminatory medical treatment do not fit into the 4–element framework required by Section 504); and *United States v. Univ. Hosp., State of New York*, 729 F.2d 144, 156–57 (2d Cir. 1984) (noting that "the phrase ['otherwise qualified'] cannot be applied in the comparatively fluid context of medical treatment decisions without distorting its plain meaning" and "[w]here the handicapping condition is related to the condition(s) to be treated, it will rarely, if ever, be possible to say with certainty that a particular decision was 'discriminatory.' ").

Accordingly, Houston's negligence and negligent supervision claims related to the assault and lack of treatment thereafter are barred by the statute of limitations.

Moreover, Houston makes the conclusory claim that he received "no treatment" for his conditions, and demands $75,000 under "Texas Medical Malpractice Law." Amd. Complaint at 5 (part of Dkt. No. 1).   As noted above, Houston has failed to identify any medical malpractice or failure to supervise that occurred within the two year limitations period.  Even assuming he had, Houston fails to identify any actual substandard medical treatment he received and has failed to detail how any doctor injured him or allegedly failed to properly treat him. Thus, Houston has failed to adequately plead a cause of action for medical malpractice.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Even if Houston managed to plead a cause of action for medical malpractice inside the applicable statute of limitations, because the Court has recommended the dismissal of all other claims, it would recommend that the district judge decline to exercise supplemental jurisdiction over a state-law malpractice claim, and thus dismiss it without prejudice. 28 U.S.C. § 1367(c)(3).

### III.  RECOMMENDATION

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. The Magistrate Court **RECOMMENDS** the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions and requests for relief.

### IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of April, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE